HENRY PICARD *vs.* AMERICAN EAGLE INSURANCE Co. *et als.*

JUNE 21, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of debt upon a replevin bond in the ordinary form. At the conclusion of the evidence in the Superior Court the court denied the defendants' motion for a directed verdict and granted plaintiff's motion for the same, directing the jury to return a ver-

dict for the plaintiff in the penal sum of $1,200. The case is before this court on the defendants' exception to such direction and to the denial of their motion for a directed verdict.

There is no dispute between the parties as to the facts, the evidence consisting of the record of the replevin action in which the bond was given. Picard, plaintiff in this action and defendant in replevin, filed therein a plea of *non cepit.* At the trial of the replevin action plaintiff Eagle Insurance Co., a defendant herein, was nonsuited and judgment entered for defendant Picard for costs. Picard contends that upon this record there was a breach of the condition of the bond requiring that "plaintiff shall prosecute said writ of replevin to final judgment," and the defendants maintain that the record shows that they have so far as was within their power prosecuted said writ of replevin to final judgment. No claim is made by Picard that there has been a breach of the condition of the bond requiring return and restoration, as the judgment in replevin was for costs only.

By the replevin bond defendant Eagle Insurance Co. became obligated to "prosecute said writ of replevin to final judgment and pay such damages and costs as said Henry Picard shall recover against it, and shall also return and restore the said goods and chattels in like good order and condition as when taken, in case such shall be the final judgment on said writ."

Picard contends that the judgment of nonsuit in replevin was not sufficient to satisfy the condition of the bond, relying upon the authority of *Pierce* v. *King,* 14 R. I. 611, wherein this court said: "We think, however, that in order to satisfy the condition of the bond the plaintiff in replevin must prosecute his writ to a final judgment on the merits, so as either to determine a right of possession in himself or to direct a return and restoration to the defendant." As no final judgment on the merits for return and restoration can be entered upon the plea of *non cepit,* a decision upon

such a plea is in effect a judgment of the court that defendants are not entitled to return and restoration. The bond being for return and restoration or damages for failure to do so, to allow judgment for plaintiff on the bond would in effect be to recompense him for the value of property to which by his plea he claims no right of possession.

The replevin case upon which this action is based differs from those wherein the defendant is by the act of the plaintiff prevented from presenting his defense upon the merits, as, for example, failure to enter the writ or making it returnable to a court having no jurisdiction thereof.

All the defendants' exceptions are sustained. Plaintiff may, if he sees fit, appear before this court on June 28, 1932, at 9 a. m. Eastern standard time, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendants.

*Higgins & Yaraus,* for plaintiff.
*Kennedy & Greene,* for defendants.